1   Steven G. Hill, Esq. (*pro hac vice*)
    Georgia Bar No. 354658
2   HILL, KERTSCHER & WHARTON, LLP
    3350 Riverwood Parkway
3   Atlanta, Georgia  30339
    Telephone:  (770) 953-0995
4   Facsimile:   (770) 953-1358
    sgh@hkw-law.com
5
    James J. Pisanelli, Esq., Bar No. 4027
6   JJP@pisanellibice.com
    Debra L. Spinelli, Esq., Bar No. 9695
7   DLS@pisanellibice.com
    PISANELLI BICE PLLC
8   400 South 7th Street, Suite 300
    Las Vegas, Nevada  89101
9   Telephone:  702.214.2100
    Facsimile:   702.214.2101
10

11  *Attorneys for Plaintiff*

12                      **UNITED STATES DISTRICT COURT**

13                              **DISTRICT OF NEVADA**

14  FLEET CONNECT SOLUTIONS LLC, a          CASE NO.:  2:20-cv-02306-GMN-NJK
    Texas limited liability company,
15
                      Plaintiff,            **STIPULATED CONFIDENTIALITY**
16                                          **AGREEMENT AND [PROPOSED]**
    v.                                      **PROTECTIVE ORDER**
17
    EAST-WEST TRANSPORT INC., a Nevada
18  corporation,

19                    Defendant.

20

21              **STIPULATED CONFIDENTIALITY AGREEMENT**

22      WHEREAS, Plaintiff Fleet Connect Solutions, LLC and Defendant East-West Transport

23  Inc. hereafter referred to as "the Parties," believe that certain information that is or will be

24  encompassed by discovery demands by the Parties involves the production or disclosure of trade

25  secrets, confidential business information, or other proprietary information;

26      WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

27  with Federal Rule of Civil Procedure 26(c):

28      THEREFORE, it is hereby stipulated among the Parties that:

                                            1

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("PROTECTED MATERIAL"). PROTECTED MATERIAL shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE" (collectively, "DESIGNATED MATERIAL"). The designation shall be placed clearly on each page of the PROTECTED MATERIAL (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED – CONFIDENTIAL SOURCE CODE.

2. Pending entry of this agreed protective order, disclosures deemed confidential by any party must be produced with a confidential designation (e.g., RESTRICTED – ATTORNEYS' EYES ONLY) (pursuant to Local Patent Rule 1-4(a)), and the disclosure of the information will be limited to each party's outside counsel, including employees of outside counsel (unless and until such document is redesignated to have a different classification under this Order), and used only for litigation purposes.

3. With respect to documents, information or material designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED - CONFIDENTIAL SOURCE CODE (collectively, "DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and

other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.  Documents, information or material produced pursuant to any discovery requests in this Action, including but not limited to PROTECTED MATERIAL designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

5.  A designation of PROTECTED MATERIAL (i.e., as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED - CONFIDENTIAL SOURCE CODE) may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces PROTECTED MATERIAL without designating it as DESIGNATED MATERIAL may request destruction of that PROTECTED MATERIAL by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement PROTECTED MATERIAL that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced PROTECTED MATERIALS and any documents, information, or material derived from or based thereon.

6.  CONFIDENTIAL documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such outside counsel assigned to and reasonably necessary to assist such outside counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including two (2) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the PROTECTED MATERIAL is to be given to that consultant or expert to enable the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of PROTECTED MATERIAL to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the producing/objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The producing/objecting Party shall have the burden of proving the need for a protective order.

No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

7. A Party shall designate documents, information or material as CONFIDENTIAL only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8. To the extent a producing Party believes that certain PROTECTED MATERIAL qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such PROTECTED MATERIAL as RESTRICTED - ATTORNEYS' EYES ONLY, or to the extent such PROTECTED MATERIAL includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code"), the producing Party may designate such PROTECTED MATERIAL as RESTRICTED - CONFIDENTIAL SOURCE CODE. Prior to the first inspection of any requested Source Code, the Parties agree to meet and confer regarding the review and production of Source Code if requested by either Party. Further, the receiving Party shall provide ten (10) days' notice for its initial review of any Source Code that it wishes to inspect. The Receiving Party shall provide two (2) business days' notice prior to any additional inspections.

9. For PROTECTED MATERIAL designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such PROTECTED MATERIAL shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

10. For PROTECTED MATERIAL designated RESTRICTED - CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

5

(a) Access to a Party's Source Code shall be provided in a secure room only on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet and may not have any access ports enabled). Additionally, except as provided in paragraph 10(k) below, the stand-alone computer may only be located at the offices of the producing Party's outside counsel;

(b) The stand-alone computer will only be available for inspection during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. (on weekdays that are not Federal holidays). The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code on the stand-alone computer;

(d) The producing Party will produce Source Code in computer searchable format on the stand-alone computer as described above;

(e) Access to PROTECTED MATERIAL designated RESTRICTED - CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 6(a-b) and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party) retained for the purpose of this litigation and approved to access such PROTECTED MATERIALS pursuant to paragraph 6(e) above. A receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED - CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED - CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party may request a reasonable number of pages of Source Code to be printed by the producing Party, but no more than 25 consecutive pages, or an aggregate total of more than 500 pages and only when reasonably necessary to prepare filings or pleadings or other papers (including a testifying expert's expert report), to prepare for and conduct depositions, and only to the extent necessary for use in this action;

(i) The producing Party shall Bates number, copy, and label RESTRICTED - CONFIDENTIAL SOURCE CODE any pages requested by the receiving Party. Within five (5) business days, the producing Party shall either (i) provide up to three (3) copy sets of such pages to the receiving Party, or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring within three (3) days of any objections, the producing Party and the Receiving Party cannot resolve the objection, the receiving Party shall, within five (5) business days of the meet and confer, contact the Court to schedule a conference to discuss a potential order compelling production and thereafter follow the Court's instructions regarding any required submissions to the Court. The printed pages shall constitute part of the Source Code produced by the producing Party in this action;

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such

outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k) A producing Party's Source Code may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Codes may be loaded onto a stand-alone computer;

(l) The receiving Party must maintain a log identifying each person who reviews the printouts, the date and time of the review, and the production number of the pages reviewed. The receiving Party must provide the producing Party with a copy of the log on seven (7) business days' notice.

11. Any outside counsel representing a Party, and any person associated with a Party and permitted to receive the other Party's PROTECTED MATERIAL that is designated RESTRICTED - CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after

8

its conclusion, including any appeals. This prosecution bar does not prevent an individual from participating in a reexamination, inter partes review, or other post-grant review proceedings involving the patents-at-issue, except that the individual is prohibited from participating in the drafting of any claim or amendment to any claim.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or

1  copy recipient of such information, (iii) although not identified as an author, addressee, or copy
2  recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such
3  DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the
4  producing Party or a current or former officer, director or employee of a company affiliated with
5  the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel
6  (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert
7  retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court;
8  or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED
9  MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained
10 from counsel representing the producing Party or from the Court.

11      15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a
12 deposition or hearing transcript, designate the deposition or hearing transcript or any portion
13 thereof as CONFIDENTIAL, RESTRICTED - ATTORNEY' EYES ONLY, or RESTRICTED -
14 CONFIDENTIAL SOURCE CODE pursuant to this Order. Access to the deposition or hearing
15 transcript so designated shall be limited in accordance with the terms of this Order. Until
16 expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as
17 RESTRICTED – ATTORNEYS' EYES ONLY.

18      ~~16.    If a party has very good cause to request sealing of DESIGNATED MATERIAL,~~
19 ~~said Party, after notification to the opposing Party, may file a motion to seal in accordance with~~
20 ~~Local Rule IA-10-5. After entry on the docket, the Court will review the material in camera and~~

*See order issued concurrently herewith*

~~her to grant or deny the motion to seal. Any DESIGNATED MATERIAL filed under~~
~~remain under seal until the Court either denies the motion to seal or enters an order~~
23 ~~unsealing them. If papers are filed under seal under prior Court order, the papers must state on the~~
24 ~~first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER~~
25 ~~(ECF No. ___)." Exhibits to a filing shall conform to the labeling requirements set forth in this~~
26 ~~Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on~~
27 ~~confidential documents, information or material, such confidential portions shall be redacted to~~
28 ~~the extent necessary and the pleading or exhibit filed publicly with the Court. An attorney who~~

10

1  ~~files a document under seal must include with the document either (i) a certificate of service~~
2  ~~certifying that the sealed document was served on the opposing attorneys, or (ii) an affidavit~~
3  ~~showing good cause why the document has not been served on the opposing attorneys.~~
4  ~~Documents filed under seal in a civil case must be served in accordance with LR IC 4-1(c).~~

5      17.   The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

    18.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief by contacting the Court to schedule a conference to discuss a potential redesignation and thereafter follow the Court's instructions regarding any required submissions to the Court. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37 and subject to the Local Rules and the Court's individual instructions, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

    19.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of this Undertaking is attached as Exhibit A.

    20.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought

11

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as CONFIDENTIAL or RESTRICTED -- ATTORNEYS' EYES ONLY any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as CONFIDENTIAL in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude a Party from seeking relief from the Court at a later date, seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement seek relief from the Court for such relief as may be appropriate in the circumstances. Pending disposition of the dispute by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the

1 performance of and/or shall not undertake the further performance of any action alleged to
2 constitute a violation of this Order.

3       25.    Production of DESIGNATED MATERIAL by each of the Parties shall not be
4 deemed a publication of the documents, information and material (or the contents thereof)
5 produced so as to void or make voidable whatever claim the Parties may have as to the
6 proprietary and confidential nature of the documents, information or other material or its contents.

7       26.    Nothing in this Order shall be construed to effect an abrogation, waiver or
8 limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial
9 privilege.

10 27.    Each of the Parties shall also retain the right to seek from the Court an order (a) modifying
11 this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if
12 reasonably necessary to prepare and present this Action and/or (b) applying additional protection
13 to DESIGNATED MATERIAL.

14       Respectfully submitted, this 19th day of April, 2021.

*/s/ Steven G. Hill*  
Steven G. Hill, Esq. (*pro hac vice*)  
HILL, HERTSCHER & WHARTON, LLP  
3350 Riverwood Parkway SE, Suite 800  
Atlanta, Georgia 30339  

James J. Pisanelli, Esq., #4027  
Debra L. Spinelli, Esq., #9695  
PISANELLI BICE PLLC  
400 South 7th Street, Suite 300  
Las Vegas, Nevada 89101  

*Attorneys for Plaintiff*

*/s/ Patrick J. Reilly* (with consent)  
Patrick J. Reilly  
BROWNSTEIN HYATT FARBER SCHRECK, LLP  
100 North City Parkway, Suite 1600  
Las Vegas, NV 89106  
Phone 702-464-7033  
preilly@bhfs.com  

Adam Alper (*pro hac vice*)  
Akshay Deoras (*pro hac vice*)  
Barbara Barath (*pro hac vice*)  
KIRKLAND & ELLIS LLP  
555 California Street  
San Francisco, California 94104  
Tel: 415-439-1400  
Fax: 415-439-1500  
adam.alper@kikrland.com  
akshay.deoras@kirkland.com  
barbara.barath@kirkland.com  

Michael De Vries (*pro hac vice*)  
KIRKLAND & ELLIS LLP  
555 South Flower Street Suite 3700  
Los Angeles, CA 90071

Tel: (213) 680-8400
Fax: (213) 680-8500
michael.devries@kirkland.com

Ryan Kane (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
ryan.kane@kirkland.com

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 20, 2021

14

**EXHIBIT A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**

**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____
_____. My current employer is _____
_____. My current occupation is _____
_____.

2. I have received a copy of the Protective Order in this action (Fleet Connect Solutions, LLC v. East-West Transport Inc., 2:20-cv-02306-GMN-NJK (D. Nev.). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED - CONFIDENTIAL SOURCE CODE that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as CONFIDENTIAL, RESTRICTED -- ATTORNEYS' EYES ONLY, or RESTRICTED - CONFIDENTIAL SOURCE CODE that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Name (Printed) _____

Date _____